767 F.2d 922
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNI-BOND, INC., A MICHIGAN CORPORATION, PLAINTIFF-APPELLEE,
v.
KASLE STEEL CORPORATION, DEFENDANT-APPELLANT.
 NO. 84-1363
 United States Court of Appeals, Sixth Circuit.
 6/3/85
 
 E.D.Mich.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: ENGEL and MARTIN, Circuit Judges; and PHILLIPS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is the appeal by a defendant, Kasle Steel Company, of the denial of attorneys' fees after a protracted antitrust litigation. The district court denied the award of fees, because the plaintiff did not proceed in bad faith. We affirm.
 
 
 2
 This case was originally filed on July 2, 1974, by Lafayette Steel Company (now Uni-Bond, Inc.) against National Steel Corporation. The district court on August 8, 1975, granted plaintiff's motion to add Kasle Steel as a party defendant. Kasle Steel then moved to dismiss and for summary judgment under Civil Rules 12(b)(6) and 56(c), but the court denied its motions on September 12, 1976. Kasle Steel on August 22, 1979, made a second motion for summary judgment, based on the sole ground that the plaintiff could not show injury compensable under the antitrust laws. The district court denied this motion on July 23, 1980. Lafayette Steel Co. v. National Steel Co., 87 F.R.D. 612 (E.D. Mich. 1980).
 
 
 3
 The case was tried without a jury on the theory that National and Kasle Steel conspired to fix prices in the sale of first operation blanks to General Motors Corporation, coupled with a refusal by National to sell steel to the plaintiff when steel was in short supply. At the close of plaintiff's case, pursuant to Civil Rule 41(b), the complaint was dismissed in an order filed March 4, 1982. That order was appealed to this Court, which affirmed the district court's findings as not clearly erroneous. Uni-Bond v. National Steel Corp., No. 82-1172 (6th Cir. Apr. 26, 1983) (per curiam).
 
 
 4
 Kasle Steel moved for an award of some $400,000 in attorneys' fees after the trial, claiming that the plaintiff continued the litigation in bad faith after it knew or should have known that Kasle Steel, at least, could have no liability. The district court denied the motion on April 20, 1984, and Kasle Steel appeals.
 
 
 5
 As this court recently acknowledged, 'Courts have . . . consistently recognized attorney fees as awardable where a meritless claim or defense is maintained in bad faith.' Shimman v. International Union of Operating Engineers, Local 18, 744 F.2d 1226, 1230 (6th Cir. 1984) (en banc), cert. denied, 105 S. Ct. 1191 (1985). The district court found that the plaintiff was not proceeding in bad faith, relying heavily on the defendants' failure to move for summary judgment on the basic issue of liability. Kasle Steel argues that the district court actually required a motion for summary judgment as a prerequisite to an award of attorneys' fees. The court's opinion is not clear, but its citation of Browning Debenture Holders' Committee v. DASA Corp., 560 F.2d 1078, 1088 (2d Cir. 1977), which held that a defendant's failure to make an early motion to dismiss is reinforcing evidence of no bad faith on plaintiff's part, shows that the district court gave the failure to move for summary judgment evidentiary rather than preclusive weight. Because the finding of no bad faith is a finding of fact, it must be affirmed unless clearly erroneous. Civil Rule 52(a).
 
 
 6
 The failure to move for summary judgment was certainly entitled to great weight on the facts of this case. The evidence allegedly establishing that plaintiff had no case against Kasle Steel was precisely that evidence supplied in discovery by Kasle Steel. Kasle Steel argues strongly that a defendant has no duty to make serial motions for summary judgment, even in the face of obviously meritless claims, but in fact it could conveniently have combined this motion with the narrower motion it actually made in 1979. A successful motion for summary judgment not only could have saved them attorneys' fees, it would have been of value to Kasle Steel in foreclosing a potential liability and freeing management for more productive tasks. If the claim was really as obviously meritless as Kasle Steel asserts, we can hardly understand, on these facts, how competent counsel would have failed to move for summary judgment.
 
 
 7
 Of course, the district judge was familiar with the case and did not rely on this fact as the only support for his finding of no bad faith. Although his opinion of March 4, 1982, dismissing the case, refers to the plaintiff's case as based on 'speculation and conjecture,' we would assume the case was based on inferences he did not ultimately feel were justified and not that the case was obviously without merit. There was in fact a considerable amount of circumstantial evidence of price-fixing by National. Kasle Steel's dealing with National at this time, and in particular the Supply Agreement, plaintiff's exhibit 342, might well have led a court to conclude that it conspired with National to fix prices. The trial judge acknowledged at trial that the inferences most favorable to plaintiff would have sustained a verdict for damages. Transcript at 2147. The fact the conclusions of the plaintiff were unjustified does not mean that they should be penalized for asserting them.
 
 
 8
 The judgment is affirmed.